# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KEENAN D. WHITE, SR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. CIV 07-085-FHS-SPS |
| | ) |
| MIKE MULLINS, et al., | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

This action is before the court on the remaining defendants' motion for summary judgment [Docket #167]. Plaintiff, an inmate in the custody of the Oklahoma Department of Corrections (DOC) who is incarcerated at Oklahoma State Penitentiary (OSP) in McAlester, Oklahoma, brought this action under the authority of 42 U.S.C. § 1983, seeking relief for alleged constitutional violations during his incarceration at OSP and Dick Conner Correctional Center (DCCC) in Hominy, Oklahoma. The remaining defendants are former OSP Wardens Mike Mullins and Marty Sirmons; Kameron Harvonek, DCCC Deputy Warden; Rick Caywood, OSP Chief of Security; John Klink, Acting Unit Manager at OSP; Curtis Hood, Former Chief of Security at DCCC and currently a Major at OSP; and Darryl Wilson, OSP Unit Manager. These defendants previously were dismissed in their official capacities on July 22, 2008 [Docket #94]. Defendants Steve Kerns, James Goldringer, John Does 1-4, Ron Ward, David Strobridge, R. Kelly, Brad Mattioda, and Larry Giles also previously were dismissed from this action [Docket # 87 and #90].

Plaintiff alleges in his amended complaint that the defendants "either encouraged or were in reckless disregard of the risks to [him] and thereafter abused and/or discriminated

against [him] for attempting to petition the government," following a March 2005 incident in which he repeatedly was stabbed by another inmate. He also complains that a sham hearing was conducted in which he was assigned to administrative segregation, despite the defendants' acknowledgment that he did not belong there. Finally, plaintiff asserts certain defendants have retaliated against him.

The defendants have filed a motion for summary judgment, alleging in part that plaintiff has failed to exhaust the administrative remedies for any of the claims in his amended complaint. Having moved for summary judgment in their favor, the movants are required to show the absence of a genuine issue of material fact. Fed. R. Civ. P. 56(a).

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1).

Summary judgment is not appropriate if there exists a genuine material factual issue such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-51 (1986). In this regard, all evidence of the nonmoving party is deemed true, and all reasonable inferences are drawn in favor of the nonmoving party. *Id.* at 255 (citing *Adickes v. S. H. Kress & Co.*, 398 U.S. 114, 158-59 (1970)). This court's function is not "to weigh the evidence and determine the truth of the

matter but to determine whether there is a genuine issue for trial." *Id*. at 249. With these standards in mind, the court turns to the merits of the defendants' motion.

"No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Inmates are required to exhaust available administrative remedies, and suits filed before the exhaustion requirement is met must be dismissed. *Booth v. Churner*, 532 U.S. 731, 740-41 (2001); *Yousef v. Reno*, 254 F.3d 1214, 1216 n.1 (10th Cir. 2001). "An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under PLRA for failure to exhaust his administrative remedies." *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002) (citation omitted).

The procedure for exhausting administrative remedies is set forth in DOC Policy OP-090124, "Offender Grievance Process." An inmate first must attempt to resolve his complaint informally within three days of the incident. If that is unsuccessful, he may submit a Request to Staff (RTS) within seven calendar days of the incident, raising only one issue in each RTS. If the complaint still is not resolved, he then may file a grievance with the facility head or the medical director (for medical issues) within 15 calendar days of the incident, or the date of the response to the RTS, whichever is later. If the grievance also does not resolve the issue, the inmate may appeal to the DOC Administrative Review Authority or the Chief Medical Officer, whichever is appropriate, within 15 calendar days of receipt of the reviewing authority's response or any amended response. The administrative process is exhausted only after all of these steps have been taken.

Debbie Morton, Manager of the DOC Administrative Review Unit states by affidavit

that while plaintiff submitted various grievances and other paperwork, he did not complete the grievance process for the claims in this lawsuit:

> [The] records reflect that Keenan White #220319 did not submit any grievance appeals regarding his March 24, 2005, stabbing within the time frames required by the grievance procedures. Furthermore, all of the inmate's subsequent paperwork, which does not directly address the stabbing, was not properly submitted or appealed. . . . Inmate White failed to exhaust his available administrative remedies as to any claim by properly submitting a grievance appeal through this office as he has not properly submitted any appeal.

[Docket #167-3 at 2]. Plaintiff's response to the defendants' motion [Docket #182] makes no arguments concerning the issue of exhaustion of administrative remedies, except for a conclusory statement in his affidavit that he did exhaust his administrative remedies, but copies of his grievance documents were removed from his possession [Docket #182 at 27]. His affidavit offers no specific information about the grievances, instead stating this issue "has been previously addressed by this Court in October 2008 in a 12(b)(6), and was addressed in the special report" [Docket #182 at 28]. There are no docket entries in this case for October 2008.

After careful review of the record, the court finds there is no genuine issue of material fact with respect to plaintiff's failure to exhaust the administrative remedies for his claims. Therefore, the defendants' motion for summary judgment based on failure to exhaust administrative remedies is GRANTED.

**ACCORDINGLY,** the defendants' motion for summary judgment [Docket #167] is GRANTED, and Defendants Mullins, Sirmons, Harvonek, Caywood, Klink, Hood, and Wilson are DISMISSED WITHOUT PREJUDICE from this action in their individual capacities for plaintiff's failure to exhaust his administrative remedies. Furthermore, because

4

all other defendants previously have been dismissed, this action hereby is DISMISSED in its entirety.

IT IS SO ORDERED this 31st day of March, 2011.

Frank H. Seay
United States District Judge